IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN K. GREEN,

        Plaintiff,               No. CIV S-10-0162 DAD P

     vs.

C/O GOLDY et al.,               <u>ORDER AND</u>

        Defendants.        <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983.  This matter is before the court on a motion for summary judgment brought on behalf of defendant Goldy pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Plaintiff has filed an opposition to the motion, and defendant has filed a reply.

**BACKGROUND**

        Plaintiff is proceeding on his original complaint against correctional officer Goldy.  Therein, he alleges as follows.  On March 17, 2009, defendant Goldy pulled plaintiff out of the pill line and escorted him in handcuffs to the B-Facility Program Office.  During the escort, defendant Goldy attempted to shove plaintiff's head into a fence post and a door frame.  Defendant Goldy also ordered plaintiff to enter Cage 1, but as plaintiff complied with the order defendant Goldy pushed him forward and caused plaintiff to fall.  Defendant Goldy then forced

1

1  plaintiff's face into the pavement resulting in an injury to plaintiff's head, necessitating twelve

2  stitches.  In terms of relief, plaintiff requests monetary damages.  (Compl. at 3 & Exs.)

3  **SUMMARY JUDGMENT STANDARDS UNDER RULE 56**

4        Summary judgment is appropriate when it is demonstrated that there exists "no

5  genuine issue as to any material fact and that the moving party is entitled to a judgment as a

6  matter of law."  Fed. R. Civ. P. 56(c).

7              Under summary judgment practice, the moving party
             always bears the initial responsibility of informing the district court
8            of the basis for its motion, and identifying those portions of "the
             pleadings, depositions, answers to interrogatories, and admissions
9            on file, together with the affidavits, if any," which it believes
             demonstrate the absence of a genuine issue of material fact.

10

11  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the

12  nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

13  judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers

14  to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered,

15  after adequate time for discovery and upon motion, against a party who fails to make a showing

16  sufficient to establish the existence of an element essential to that party's case, and on which that

17  party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof

18  concerning an essential element of the nonmoving party's case necessarily renders all other facts

19  immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as

20  whatever is before the district court demonstrates that the standard for entry of summary

21  judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

22        If the moving party meets its initial responsibility, the burden then shifts to the

23  opposing party to establish that a genuine issue as to any material fact actually does exist.  See

24  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to

25  establish the existence of this factual dispute, the opposing party may not rely upon the

26  allegations or denials of its pleadings but is required to tender evidence of specific facts in the

2

form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken /////

1  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

2  'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (citation omitted).

3  **OTHER APPLICABLE LEGAL STANDARDS**

4  I.  <u>Civil Rights Act Pursuant to 42 U.S.C. § 1983</u>

5        The Civil Rights Act under which this action was filed provides as follows:

6          Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the

7          deprivation of any rights, privileges, or immunities secured by the
        Constitution . . . shall be liable to the party injured in an action at

8          law, suit in equity, or other proper proceeding for redress.

9  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

10 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

11 <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

12 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

13 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

14 omits to perform an act which he is legally required to do that causes the deprivation of which

15 complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

16       Moreover, supervisory personnel are generally not liable under § 1983 for the

17 actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named

18 defendant holds a supervisorial position, the causal link between him and the claimed

19 constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

20 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

21 allegations concerning the involvement of official personnel in civil rights violations are not

22 sufficient.  <u>See Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

23 II.  <u>The Eighth Amendment and Excessive Use of Force</u>

24       The Eighth Amendment prohibits the infliction of "cruel and unusual

25 punishments."  U.S. Const. amend. VIII.  The "unnecessary and wanton infliction of pain"

26 constitutes cruel and unusual punishment prohibited by the United States Constitution.  <u>Whitley</u>

4

1  v. Albers, 475 U.S. 312, 319 (1986).  See also Ingraham v. Wright, 430 U.S. 651, 670 (1977);

2  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Neither accident nor negligence constitutes cruel

3  and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good

4  faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."

5  Whitley, 475 U.S. at 319.

6         What is needed to show unnecessary and wanton infliction of pain "varies

7  according to the nature of the alleged constitutional violation."  Hudson v. McMillian, 503 U.S.

8  1, 5 (1992) (citing Whitley, 475 U.S. at 320).  To prevail on an Eighth Amendment claim the

9  plaintiff must show that objectively he suffered a "sufficiently serious" deprivation.  Farmer, 511

10  U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).  The plaintiff must also show that

11  subjectively each defendant had a culpable state of mind in allowing or causing the plaintiff's

12  deprivation to occur.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

13         It is well established that "whenever prison officials stand accused of using

14  excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core

15  judicial inquiry is that set out in Whitley, i.e., whether force was applied in a good-faith effort to

16  maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson, 503 U.S.

17  at 6-7.  A prisoner is not required to show a "significant injury" to establish that he suffered a

18  sufficiently serious constitutional deprivation.  Hudson, 503 U.S. at 9-10.

19         **DEFENDANT GOLDY'S MOTION FOR SUMMARY JUDGMENT**

20  I. Defendant Goldy's Statement of Undisputed Facts and Evidence

21         Defendant Goldy's statement of undisputed facts is supported by citations to his

22  own declaration signed under penalty of perjury.  It is also supported by citations to declarations

23  signed under penalty of perjury by lieutenant Gamberg and Case Records Manager Hanlon.

24         The evidence submitted by defendant Goldy establishes the following.  At all

25  relevant times, defendant Goldy was a correctional officer at High Desert State Prison ("HDSP").

26  On March 17, 2009, at approximately 6:45 p.m., defendant Goldy was supervising the evening

pill line on Facility B.  Plaintiff refused to stay in line, so defendant Goldy ordered him to stand in line, single file, behind the person in front of him.  Plaintiff became disruptive and replied back to Goldy's order, "I'll stand nuts to butt with you," while stepping back a few feet with his hands on his hips, thrusting his pelvis and genital area back and forth.  Because of this disruptive behavior, defendant Goldy handcuffed plaintiff to escort him to the program office.  Plaintiff verbally assaulted defendant Goldy by calling him a "fucking pussy" and a "faggot."  (Def.'s SUDF 2, 4-8, Goldy Decl.)

　　　　　As defendant Goldy escorted plaintiff to the program office, plaintiff began to change his gait by slowing down and speeding up.  He also attempted to twist his torso as if to release himself from the defendant's hold.  Defendant Goldy stopped the escort as they entered the clinic medical gate and ordered plaintiff to walk at a normal pace and to stop twisting his body.  The defendant stopped the escort again at the program office door and ordered plaintiff to stand still while defendant Goldy unlocked the door.  When the defendant unlocked the door, plaintiff took a quick step to his right and charged into the program office almost breaking the defendant's hold.  To gain control of plaintiff, defendant Goldy quickly placed his leg in front of plaintiff's legs and forced him to the floor using plaintiff's momentum while holding onto him with his arms.  Plaintiff landed on his stomach with the defendant's right hand on plaintiff's hands and defendant's left hand on plaintiff's head.  (Def.'s SUDF 9-14, Goldy Decl.)

　　　　　At no time before the defendant brought plaintiff to the ground did defendant ever attempt to force plaintiff into a door jamb, wall, or fence.  At no time did defendant Goldy ever intend to hurt plaintiff.  Defendant Goldy only intended to regain control of plaintiff with the minimum force required to bring him back under control.  (Def.'s SUDF 15-16, Goldy Decl.)

　　　　　On April 23, 2009, plaintiff appeared in front of lieutenant Gamberg for his disciplinary hearing in connection with this incident.  Plaintiff was charged with "Resisting a Peace Officer Requiring the Use of Force", a violation of section 3005(d) of the California Code of Regulations.  Lieutenant Gamberg considered all of the evidence against plaintiff during the

1  hearing and found him guilty of the disciplinary charge.  He assessed plaintiff a 90-day loss of

2  credits and a 90-day loss of yard privileges.  The rules violation report and hearing are

3  documented in Log Number FB-09-03-041.  (Def.'s SUDF 17-20, Gamberg Decl. & Ex. A.)

4        For an inmate to appeal a finding of guilt on a prison disciplinary charge, he must

5  first file a petition for writ of habeas corpus, asking the court to reverse the disciplinary finding.

6  If successful in habeas corpus proceedings, the court orders the forfeited credits returned and that

7  a copy of the court's order be placed in the inmate's central file.  D. Hanlon is the Case Records

8  Manager at HDSP.  He reviewed plaintiff's rules violation report as well as plaintiff's central

9  file.  The report states that plaintiff was found guilty of a Division D offense, "Resisting a Peace

10  Officer Requiring the Use of Force", and assessed a 90-day loss of time credits.  As of August

11  2010, plaintiff's central file does not contain any court orders reversing that finding of guilt or

12  requiring the return of any forfeited credits to plaintiff.  (Def.'s SUDF 22-27, Hanlon Decl.)

13  II.  Defendant Goldy's Arguments

14        Defense counsel argues that defendant Goldy is entitled to summary judgment in

15  his favor on plaintiff's Eighth Amendment claim because that claim is Heck-barred.

16  Specifically, defense counsel contends that plaintiff was found guilty of "Resisting a Peace

17  Officer Requiring the Use of Force" and may not pursue a § 1983 claim where success on the

18  claim would necessarily imply the invalidity of his disciplinary conviction.  Defense counsel

19  asserts that plaintiff's claim in this civil action arises out of the exact same incident that resulted

20  in his prison disciplinary conviction and loss of good-time credits.  In this regard, defense

21  counsel contends that plaintiff's version of events, if believed to establish civil liability, would

22  impermissibly negate the findings from his disciplinary action.  (Def.'s Mem. of P. & A. at 4-7.)

23        Alternatively, defense counsel argues that the undisputed evidence in this case

24  shows that defendant Goldy did not act with malice or any intent to harm plaintiff during their

25  altercation.  According to defense counsel, it is undisputed that plaintiff attempted to break the

26  defendant's hold and run into the program office.  To bring plaintiff back under control, the

1   defendant placed his leg in front of plaintiff's and with his hand on plaintiff's back let plaintiff's

2   momentum carry him to the ground in a controlled fall.  Defense counsel argues that the evidence

3   establishes that defendant Goldy's intention was to act quickly to regain control of the situation

4   and not to cause plaintiff any harm or injury.  In this regard, defense counsel contends that the

5   evidence shows that the defendant did not act with the requisite state of mind to violate

6   plaintiff's rights under the Eighth Amendment.  (Def.'s Mem. of P. & A. at 7-9.)

7   III.  <u>Plaintiff's Opposition</u>

8          Plaintiff's opposition to defendant's motion for summary judgment is supported

9   by his own declaration signed under penalty of perjury.  Plaintiff has also submitted his own

10   "statement of material facts."

11          Plaintiff argues that his civil rights claim is not <u>Heck</u>-barred because he was

12   convicted of his prison rules violation without a fair and impartial hearing.  Plaintiff also argues

13   that he can prove that defendant Goldy intended to cause him harm.  Plaintiff contends that there

14   are two completely different set of facts and incident descriptions in this case.  According to

15   plaintiff, he did not charge or rush through the program office door.  Rather, defendant Goldy

16   escorted him into the program office without incident.  Program staff then ordered all other

17   inmates to leave the office.  Once the office was clear of all inmates, defendant Goldy told

18   plaintiff to go into the holding cage.  As soon as plaintiff took a step forward, the defendant

19   hooked his right leg and pulled back as he pushed plaintiff forward with his body weight.  The

20   defendant used his hand and arm strength to force plaintiff to fall to the concrete floor, resulting

21   in a gash across plaintiff's face.  Plaintiff blacked out and woke up in a pool of his own blood.

22   (Pl.'s Mem. of P. & A. at 2-7 & Exs.)

23   IV.  <u>Defendant Goldy's Reply</u>

24          In reply, defense counsel argues that most of the evidence in plaintiff's untimely

25   opposition is inadmissible.  In addition, counsel reiterates the argument that plaintiff's Eighth

26   Amendment claim against the defendant is <u>Heck</u>-barred because a finding that the defendant

1    engaged in unconstitutional and excessive force would be directly contrary to the disciplinary

2    finding that plaintiff was guilty of "Resisting a Peace Officer Requiring the Use of Force."

3    Finally, counsel reiterates that defendant Goldy did not intend to cause plaintiff any harm and

4    that the defendant's only intention was to act quickly to regain control of the situation.[1]  (Def.'s

5    Reply at 1-4.)

6                                          **ANALYSIS**

7    I.  Favorable Termination Rule

8               Defense counsel has moved for summary judgment on plaintiff's excessive use of

9    force claim on the ground that the claim is Heck-barred.  Defense counsel is correct that,

10   generally speaking, a plaintiff may not bring a civil rights action pursuant to § 1983 arising out of

11   alleged unconstitutional activities that resulted in his conviction unless the conviction has been

12   set aside.  See Heck v. Humphrey, 512 U.S. 477 (1994) (dismissing § 1983 action for damages

13   based on "actions whose unlawfulness would render a conviction or sentence invalid" when the

14   conviction or sentence has not yet been reversed, expunged, or otherwise invalidated).  See also

15   Edwards v. Balisok, 520 U.S. 641, 648 (1997) (dismissing § 1983 action for declaratory relief

16   and monetary damages because successful challenge to procedures used in disciplinary hearing

17   would necessarily imply the invalidity of the punishment imposed).

18   /////

19   _____

20        [1]  Defense counsel has objected to some of plaintiff's evidence submitted in support of his
     opposition to the pending motion for summary judgment.  These objections are overruled.  The
21   undersigned has not relied on any of the evidence to which defense counsel objects to in these
     findings and recommendations.  Moreover, it would be an abuse of this court's discretion to
22   refuse to consider evidence offered by a pro se plaintiff at the summary judgment stage.  See,
     e.g., Jones v. Blanas, 393 F.3d 918, 935 (9th Cir. 2004) (reversing and remanding with
23   instructions to consider evidence offered by the pro se plaintiff in his objections to the findings
     and recommendations); Fraser v. Goodale, 342 F.3d 1032, 1036-37 (9th Cir. 2003) (holding that
24   the district court properly considered a diary which defendants moved to strike as inadmissible
     hearsay because "[a]t the summary judgment stage, we do not focus on the admissibility of the
25   evidence's form.  We focus instead on the admissibility of its contents."); Johnson v. Meltzer,
     134 F.3d 1393, 1399-1340 (9th Cir. 1998) (reversing and remanding for consideration of the pro
26   se plaintiff's verified motion as an affidavit in opposition to summary judgment).

However, a conviction for resisting a peace officer under California law does not necessarily preclude an excessive use of force claim pursuant § 1983.  See Hooper v. County of San Diego, 629 F.3d 1127 (9th Cir. 2011) (Fourth Amendment excessive force claim not Heck-barred because "[a] holding in Hooper's § 1983 case that the use of the dog was excessive force would not "negate the lawfulness of the initial arrest attempt, or negate the unlawfulness of [Hooper's] attempt to resist it [when she jerked her hand away from Deputy Terrell.].");  Smith v. City of Hemet, 394 F.3d 689, 699 (9th Cir. 2005) ("[A] § 1983 action is not barred under Heck unless it is clear from the record that its successful prosecution would necessarily imply or demonstrate that the plaintiff's earlier conviction was invalid.").

California district courts have determined on numerous occasions that Eighth Amendment claims under circumstances similar to those presented here are not Heck-barred. See El -Shaddai v. Wheeler, No. CIV S-06-1898 KJM EFB P, 2011 WL 1332044 at *5 (E.D. Cal. Apr. 5, 2011) (finding that an Eighth Amendment excessive use of force claim is not Heck-barred because "a judgment for plaintiff on his Eighth Amendment claim would not necessarily imply the invalidity of his disciplinary conviction" for willfully resisting a peace officer); Gipbsin v. Kernan, No. CIV S-07-0157 MCE EFB P, 2011 WL 533701 at *5-*7 (E.D. Cal. Feb. 11, 2011) (finding that an Eighth Amendment excessive use of force claim is not Heck-barred because success on plaintiff's claim would not necessarily negate his disciplinary conviction for battery on a peace officer or his criminal conviction in state court for battery); Meadows v. Porter, No. S-07-0475 HDM RAM, 2009 WL 3233902 at *2 (E.D. Cal. Oct. 2, 2009) (finding that an Eighth Amendment excessive use of force claim is not Heck-barred because a finding that an officer "responded to the attempted battery with excessive force would not negate any of the elements of attempted battery.  And although the two incidents are closely related and occurred one right after the other, they are separate and distinct events."); Candler v. Woodford, No. C 04-5453 MMC (PR), 2007 WL 3232435 at *8 (N.D. Cal. Nov. 1, 2007) (finding that an Eighth Amendment excessive use of force claim is not Heck-barred because "defendants have not

1   shown that if plaintiff were to prevail on his excessive force claims the validity of the finding that

2   he committed battery on a peace officer necessarily would be implicated").

3          Here, plaintiff was convicted of "Resisting a Peace Officer Requiring Use of

4   Force" under § 3005(d) of the California Code of Regulations.  In pertinent part, that provision

5   states:

6          Inmates shall not willfully commit or assist another person in the
       commission of an assault or battery to any person or persons, nor
7          attempt or threaten the use of force or violence upon another
       person.

8

9   Cal. Code of Regs., tit. 15, § 3005(d)(1).

10          In this case, the undersigned is not persuaded that plaintiff's success on his Eighth

11   Amendment excessive use of force claim would necessarily imply the invalidity of the

12   disciplinary conviction under § 3005(d).  For plaintiff to succeed on his excessive use of force

13   claim, he will need to prove that defendant Goldy unnecessarily and wantonly inflicted pain on

14   him during his escort to the program office.  Whitley, 475 U.S. at 320.  A number of factors will

15   be relevant to determine whether defendant Goldy's use of force violated plaintiff's rights under

16   the Eighth Amendment, including (1) the need for force, (2) the relationship between the need for

17   force and the amount of force used, (3) the extent of the injury inflicted, (4) the extent of the

18   threat the officers reasonably perceived the plaintiff posed to staff and inmates, and (5) any

19   efforts to temper the severity of a forceful response.  Id. at 321.

20          Under the evidence presented by the parties in this case in connection with the

21   pending summary judgment motion, a reasonable factfinder could conclude both that plaintiff's

22   conduct during his escort to the program office violated  § 3005(d) and that defendant Goldy

23   used excessive force in response to plaintiff's conduct.  Such findings would not necessarily

24   imply the invalidity of plaintiff's disciplinary conviction.  Although plaintiff's conduct and

25   defendant Goldy's alleged excessive use of force arise out of the same incident, two separate

26   factual predicates exist, the first giving rise to plaintiff's disciplinary conviction and the second

11

1   giving rise to defendant Goldy's potential civil liability.  See Hooper, 629 F.3d at 1132

2   ("Though occurring in one continuous chain of events, two isolated factual contexts would exist,

3   the first giving rise to criminal liability on the part of the criminal defendant, and the second

4   giving rise to civil liability on the part of the arresting officer.") (quoting Yount v. City of

5   Sacramento, 43 Cal.4th 885, 899 (2008)).  Accordingly, the court concludes that plaintiff's

6   excessive use of force claim against the defendant is not Heck-barred.

7   II.   Defendant Goldy's Intent to Cause Harm

8           Defense counsel has also moved for summary judgment on plaintiff's excessive

9   use of force claim on the ground that the evidence establishes defendant Goldy did not intend to

10  harm plaintiff during the escort.  To be sure, if the evidence submitted by defendant Goldy in

11  support of the pending motion were undisputed, he would be entitled to summary judgment in his

12  favor on plaintiff's excessive use of force claim.  However, this is not the case.  Plaintiff has

13  submitted to the court a declaration signed under penalty of perjury providing evidence directly

14  to the contrary.  According to plaintiff, defendant Goldy escorted him to the program office and

15  instructed plaintiff to enter the holding cage.  As soon as plaintiff took a step forward, defendant

16  hooked his right leg and pulled back as he pushed plaintiff forward with his body weight.  The

17  defendant used his hand and arm strength to force plaintiff to fall to the concrete floor, resulting

18  in a gash across plaintiff's face.  Plaintiff's sworn statements regarding what occurred, if

19  believed, are sufficient to prove his claim that defendant Goldy used excessive force against him

20  in violation of the Eighth Amendment.

21          On summary judgment the court may not weigh the parties' evidence or determine

22  the truth of the matters asserted by the parties; rather the court is required only to determine

23  whether there is a genuine issue of material fact appropriately resolved by trial.  See Summers v.

24  A. Teichert & Son. Inc., 127 F.3d 1150, 1152 (9th Cir. 1997).  Here, the undersigned finds that

25  there are material questions of fact in dispute surrounding defendant Goldy's escort of plaintiff to

26  the program office, including the amount of force defendant Goldy used and the circumstances

1   under which he used that force.  Accordingly, defendant Goldy's motion for summary judgment

2   on plaintiff's excessive use of force claim should be denied.[2]

3                                    **OTHER MATTERS**

4            Also pending before the court is plaintiff's motion to compel.  In his motion,

5   plaintiff seeks a court order requiring defendant Goldy to "answer fully" interrogatory numbers 2,

6   7-10, 12, and 16-25 from plaintiff's first set of interrogatories.  Plaintiff also seeks a court order

7   requiring defendant Goldy to respond to his second set of interrogatories.  Plaintiff has attached

8   to his motion to compel a copy of his interrogatories and defendant Goldy's responses thereto.

9   (Pl.'s Mot. to Compel. at 1-6 & Exs. B & C.)

10           In opposition to plaintiff's motion to compel, defense counsel argues that

11  defendant Goldy has provided all of the information within his possession, custody, or control in

12  response to plaintiff's first 25 interrogatories.  In addition, defense counsel argues that plaintiff

13  has failed to adequately inform the defendant or the court how the defendant's responses to his

14  interrogatories are incomplete.  Finally, defense counsel argues that the defendant properly

15  objected to plaintiff's second set of interrogatories because plaintiff did not obtain leave from the

16  court to propound more than 25 interrogatories.  (Def.'s Opp'n to Pl.'s Mot. to Compel at 1-9.)

17           As an initial matter, plaintiff's motion to compel is inadequate.  The court does

18  not hold litigants proceeding pro se to the same standards that it holds attorneys.  However, at a

19  minimum, as the moving party plaintiff has the burden of informing the court why he believes

20  ─────────────────

21       [2]  The Ninth Circuit has repeatedly cautioned lower courts to take care in deciding
     excessive force cases at the summary judgment stage.  In this regard, that court has explained:

22           Because [the excessive force inquiry] nearly always requires a jury
             to sift through disputed factual contentions, and to draw inferences
23           therefrom, we have held on many occasions that summary
             judgment or judgment as a matter of law in excessive force cases
24           should be granted sparingly.  This is because police misconduct
             cases almost always turn on the jury's credibility determinations.

25
     Santos v. Gates, 287 F.3d 846, 853 (9th Cir. 2002).  See also Smith v. City of Hemet, 394 F.3d
26   689, 701 (9th Cir. 2005); Lolli v. County of Orange, 351 F.3d 410, 415-16 (9th Cir. 2003).

1   the defendant's responses are deficient, why the defendant's objections are not justified, and why

2   the information he seeks through discovery is relevant to the prosecution of this action.  See,

3   e.g., Brooks v. Alameida, No. CIV S-03-2343 JAM EFB P, 2009 WL 331358 at *2 (E.D. Cal.

4   Feb. 10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what

5   grounds, the court cannot grant plaintiff's motion."); Ellis v. Cambra, No. CIV F-02-5646 AWI

6   SMS PC, 2008 WL 860523 at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court

7   which discovery requests are the subject of his motion to compel, and, for each disputed

8   response, inform the court why the information sought is relevant and why Defendant's

9   objections are not justified.").

10          Here, plaintiff has provided no specific arguments in support of his motion to

11   compel and is essentially asking the court to make his arguments for him.  The court will not

12   examine each of plaintiff's discovery requests and each of the defendant's responses thereto in

13   order to determine whether any of the defendant's responses are somehow deficient.  It was

14   plaintiff's burden to describe why the defendant's particular responses were inadequate.[3]  See,

15   e.g., Williams v. Flint, No. CIV S 06-1238 FCD GGH P, 2007 WL 2274520 at *1 (E.D. Cal.

16   Aug. 6, 2007) ("It is plaintiff's burden to describe why a particular response is inadequate.  It is

17   not enough to generally argue that all responses are incomplete.").

18          Moreover, the court has conducted a cursory review of defendant Goldy's

19   responses to plaintiff's interrogatories, and it appears that defendant's objections are justified.  In

20   addition, although defense counsel objected to many of plaintiff's interrogatories, defense

21   counsel also provided defendant Goldy's responses to them insofar as they were reasonably

22

23          [3]  Toward the end of plaintiff's motion to compel, plaintiff asks for an additional court
     order requiring defendant Goldy to produce certain documents.  Although plaintiff purportedly
     served defendant Goldy with a copy of his request for production of documents, he has not
24   attached to his motion copies of his requests or defendant Goldy's responses thereto.  Once more,
     plaintiff has not explained how or why defendant's responses to his requests for production of
25   documents are inadequate.  Accordingly, the court is unable to provide plaintiff any relief with
     respect to his request for a court order compelling defendant Goldy to produce certain
26   documents.

1   calculated to lead to the discovery of admissible evidence and did not ask for speculation on the

2   defendant's part.  Plaintiff is advised that the court cannot compel defendant Goldy to provide

3   additional answers to plaintiff's interrogatories where none exist.  Based on defendant Goldy's

4   recollection, he appears to have responded to plaintiff's interrogatories to the best of his ability.

5   Plaintiff may have preferred different answers, but the court cannot say based on its review that

6   defendant Goldy's answers were either evasive or incomplete necessitating further responses.

7   Finally, plaintiff is advised that under the Federal Rules of Civil Procedure, "a party may serve

8   on any other party no more than 25 written interrogatories."  Fed. R. Civ. P. 33(a)(1).  Here,

9   plaintiff has not demonstrated why any additional interrogatories are either necessary or

10  appropriate.  Accordingly, for all of the foregoing reasons, the court will deny plaintiff's motion

11  to compel.

## CONCLUSION

12  IT IS HEREBY ORDERED that:

13      1.  Plaintiff's motion to compel (Doc. No. 28) is denied; and

14      2.  The Clerk of the Court is directed to randomly assign a United States District

15  Judge to this action.

16      IT IS HEREBY RECOMMENDED that defendant Goldy's motion for summary

17  judgment (Doc. No. 27) be denied.

18      These findings and recommendations are submitted to the United States District

19  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

20  one days after being served with these findings and recommendations, any party may file written

21  objections with the court and serve a copy on all parties.  Such a document should be captioned

22  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

23  shall be served and filed within seven days after service of the objections.  The parties are

24  /////

25  /////

1  advised that failure to file objections within the specified time may waive the right to appeal the

2  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: June 13, 2011.

4

5  _____

6  DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

7  DAD:9
   gree0162.57

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26