1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN K. GREEN,

11          Plaintiff,                      No. CIV S-10-0162 GEB DAD P

12       vs.

13   C/O GOLDY, et al.,

14          Defendants.                 ORDER

15   _____/

16          Plaintiff, a state prisoner proceeding pro se with a civil rights action, has

17   requested appointment of counsel.

18          As the court previously advised plaintiff, the United States Supreme Court has

19   ruled that district courts lack authority to require counsel to represent indigent prisoners in

20   § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain

21   exceptional circumstances, the district court may request the voluntary assistance of counsel

22   pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

23   Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

24          The test for exceptional circumstances requires the court to evaluate the plaintiff's

25   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

26   light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

1   1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

2   common to most prisoners, such as lack of legal education and limited law library access, do not

3   establish exceptional circumstances that would warrant a request for voluntary assistance of

4   counsel.  In the present case, the court does not find the required exceptional circumstances.

5          Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment

6   of counsel (Doc. No. 51) is denied.

7   DATED: October 20, 2011.

8

9

    DALE A. DROZD
10  UNITED STATES MAGISTRATE JUDGE

11

12  DAD:9:mp
    gree0162.31(3)
13

14

15

16

17

18

19

20

21

22

23

24

25

26