IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN K. GREEN,

      Plaintiff,                                 No. CIV S-10-0162 DAD P

     vs.

C/O GOLDY et al.,

      Defendants.                <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  In his complaint, plaintiff alleges that defendant Goldy used excessive force against him in violation of the Eighth Amendment.  The parties appeared before U.S. Magistrate Judge Kendall J. Newman on October 25, 2011, for a settlement conference.  The parties did not settle the case at that time.  Plaintiff has since filed several motions seeking various forms of relief.  Both parties have also filed pretrial statements, which the court will address in a separate pretrial order.

        First, plaintiff has filed two motions seeking leave to file a supplemental complaint.  In his motions, plaintiff contends that he wishes to supplement his complaint with allegations against five new defendants.  Plaintiff alleges that when he returned to High Desert State Prison after the settlement conference held in this case, he discovered that his toilet would

1

back-up and flood. Plaintiff further alleges that he heard administrative segregation officers mention defendant Goldy's name a few times, and plaintiff now believes that his cell conditions are a way of retaliating against him for filing a lawsuit against defendant Goldy. Plaintiff claims that for nine days his toilet did not work properly, and his cell floor was covered in waste. Accordingly, plaintiff now wishes to name five administrative segregation officers as defendants in this action and to supplement his original complaint with First Amendment and Eighth Amendment claims against these new defendants.

Under Federal Rule of Civil Procedure Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." See Fed. R. Civ. P. 15(d). "While leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action." Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted). See also Contreraz v. Stockbridge, No. 1:06-cv-01817 LJO SKO PC, 2012 WL 396503 at *1 (E.D. Cal. Feb. 7, 2012) (denying plaintiff's motion to file supplemental complaint because his proposed supplement allegations gave rise to new causes of action); Gonzales v. Mason, No. C 07-180 SI (pr), 2008 WL 2079195 at *2 (N.D. Cal. May 15, 2008) (denying plaintiff's motion to file supplemental complaint because the proposed supplement included different defendants and new claims).

Here, plaintiff's proposed supplemental complaint should be the subject of a new and separate cause of action from that presented in this action. Specifically, plaintiff's proposed supplemental claims are distinct from his original claim of excessive force against defendant Goldy and give rise to new causes of action against different defendants. In addition, allowing plaintiff to pursue his proposed supplemental claims at this juncture of the case would not promote judicial efficiency, the goal of Rule 15(d). See Planned Parenthood, 130 F.3d at 402. Finally, there are no "technical obstacles" to plaintiff bringing a separate action against the new

defendants listed in his proposed supplemental complaint.  Id.  Accordingly, the court will deny plaintiff's motion for leave to file a supplemental complaint without prejudice to raising the claims in a separate action.

Next, plaintiff has filed a motion requesting a second settlement conference as well as a motion for leave to use defendant Goldy's "confidential settlement conference" statement as evidence at trial because the defendant therein purportedly confirmed that plaintiff did not resist the officer while being escorted inside the program office.  In defendant Goldy's pretrial statement, defense counsel has informed the court that further settlement conferences would not be helpful.  Accordingly, the court declines to schedule a second settlement conference.  As to plaintiff's request to introduce defendant Goldy's alleged statement at the settlement conference, under Rule 408 of the Federal Rules of Evidence a party cannot use "a statement made during compromise negotiations" about a disputed claim "either to prove or disprove the validity or amount of [the] claim."  Accordingly, the court will deny plaintiff's motion for a second settlement conference as well as his motion seeking leave to use defendant Goldy's purported settlement conference statement as evidence at trial.

Finally, plaintiff has filed a motion for an extension of time in which to arrange for a Sergeant K. Gillespie to testify at trial.  In addition, plaintiff has filed a motion simply requesting that Sergeant Gillespie appear at trial to testify about the proper protocol to be used by correctional officers when escorting an inmate.  Plaintiff is reminded that in the court's scheduling order the court explained the procedures for obtaining the attendance of unincarcerated witnesses who agree to testify voluntarily as well as the procedures for obtaining the attendance of unincarcerated witnesses who refuse to testify voluntarily.  If Sergeant Gillespie agrees to testify at trial voluntarily, it is plaintiff's responsibility to notify him of the time and date of trial.  In that case, plaintiff need not seek or obtain action from the court.  If Sergeant Gillespie refuses to testify voluntarily, not earlier than four weeks and not later than two weeks before trial, plaintiff must prepare and submit to the United States Marshal a subpoena for

service by the Marshal upon the witness.  Also, plaintiff must tender an appropriate sum of money to the witness through the United States Marshal.  Accordingly, the court will deny plaintiff's motions for relief related to Sergeant K. Gillespie.  If plaintiff wishes to call Sergeant Gillespie as a witness at trial, he should follow the procedures outlined herein.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for leave to file a supplemental complaint (Doc. Nos. 56 & 60) are denied without prejudice to raising the claims in a separate cause of action;

2. Plaintiff's motion for a second settlement conference (Doc. No. 57) is denied;

3. Plaintiff's motion for leave to use defendant Goldy's "confidential settlement conference" statement as evidence (Doc. No. 58) is denied; and

4. Plaintiff's motions for relief related to Sergeant K. Gillespie's witness testimony (Doc. Nos. 59 & 62) are denied.

DATED: March 21, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
gree0162.mots